131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeremiah KELLY, Plaintiff-Appellee,
v.
EVEREX SYSTEMS, INC., Patrick O'Connor, and First
International Computer of America, Inc.,
Defendants-Appellants.
 No. 96-16889.
 United States Court of Appeals, Ninth Circuit.
 Nov. 21, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-95-20547 RMW; Ronald M. Whyte, District Judge, Presiding.
 
 
 2
 Before: GOODWIN, FLETCHER, AND RYMER Circuit Judges.
 
 
 3
 MEMORANDUM*
 
 
 4
 The defendants appeal portions of the district court's summary judgment order, which dismissed all of the federal and state claims brought against them by their former employee, plaintiff Jeremiah Kelly. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 I.
 
 5
 After being laid off from his job, Kelly brought suit against his employers alleging that he was terminated to avoid the payment of long-term disability benefits in violation of the Employee Retirement Income Security Act (ERISA); that he was terminated because of his illness and his age in violation of California's Fair Employment Housing Act (FEHA); and that his employers engaged in a pattern and practice of discrimination in violation of the Unruh Civil Rights Act.
 
 
 6
 The defendants moved for summary judgment, in part, on the grounds that ERISA preempted Kelly's state wrongful termination claims. Kelly then amended his complaint, adding wrongful termination claims in violation of the Age Discrimination Employment Act (ADEA) and the Americans with Disabilities Act (ADA) and expressly abandoning the ERISA cause of action.
 
 
 7
 The district court granted summary judgment in favor of the defendants on the ADEA, ADA, and Unruh Civil Rights Act claims. The claims were promptly dismissed, leaving only the state FEHA wrongful termination claims. The district court then determined that ERISA did not preempt the state FEHA claims for age and medical condition discrimination because the allegations in the complaint did not expressly or impliedly arise out of the administration of a covered plan or have a connection with or reference to such a plan. The district court declined to exercise supplemental jurisdiction over the state FEHA claims and dismissed the case without prejudice to pursuing it in state court.
 
 
 8
 Defendants appeal both the district court's determination that ERISA does not preempt the state FEHA claims and the district court's decision not to exercise supplemental jurisdiction over the FEHA claims. Kelly has since filed a complaint in state court alleging wrongful termination in violation of state law. The action has been stayed pending this appeal.
 
 II.
 
 9
 The defendants argue that ERISA preempts Kelly's age and medical condition discrimination claims under FEHA because, considering his complaint and deposition testimony together, Kelly's theory is that he was fired to avoid the payment of long-term disability benefits. We agree with the district court that Kelly's FEHA claims facially appear from the stated allegations to be based on a theory of discrimination independent of the benefit plan. Kelly's deposition testimony is not dispositive, as the defendants contend; while Kelly did testify that he thought that his age, medical condition, and the avoidance of long-term disability benefits were "all intermingled" reasons for his employer's decision to terminate him, he maintains that each was also a separate reason. Under these circumstances, we cannot say that his FEHA claim is insufficiently distinct from the ERISA claim to withstand preemption. See Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 973 (9th Cir.1993). Therefore, we agree with the district court, that to the extent Kelly's FEHA claims actually rely on theories separate from his preempted claim that his employers fired him to avoid paying disability benefits, they are not preempted.
 
 III.
 
 10
 In deciding whether to extend supplemental jurisdiction over pendent state claims, courts must consider and weigh whether the extension of jurisdiction will serve the principles of judicial economy, convenience and fairness to the litigants, and comity to the states. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988).
 
 
 11
 We review the district court's decision to refuse to exercise supplemental jurisdiction over the pendent FEHA claim in this case for abuse of discretion. Inland Empire Chapter of Assoc. Gen. Contr. v. Dear, 77 F.3d 296, 299 (9th Cir.1996). The standard is whether the district court committed a clear error of judgment in reaching its decision to refuse jurisdiction. Brady v. Brown, 51 F.3d 810, 816 (9th Cir.1995).
 
 
 12
 We conclude that under the facts and circumstances of this case, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the pendent FEHA claim after dismissing all the federal claims.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3